COMMONWEALTH *vs.* MARY ROBERTS. October 18, 2004. *Practice, Criminal,* Assistance of counsel.

The defendant was convicted of making annoying telephone calls, G. L. c. 269, § 14A. In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed the defendant's conviction and the order denying her motion for a new trial. *Commonwealth* v. *Roberts,* 60 Mass. App. Ct. 1123 (2004). We granted the defendant's application for further appellate review.

For substantially the same reasons as the Appeals Court, we conclude that the evidence was sufficient to permit the inference that the defendant's sole purpose in making the telephone calls at issue was to harass or annoy her daughter and the members of her daughter's household. The jury could infer

---

the requisite intent from the number of calls, the tenor of the calls, their sequence and timing, and the defendant's persistence in placing the calls despite repeatedly being asked to cease (including being warned that the police would be contacted if further calls were made). That certain statements made during some of the calls were, at least superficially, phrased as concern for the daughter and her children did not make it impermissible for the jury to infer that the actual and sole purpose of the calls was to annoy or harass. As such, defense counsel's failure to move for a required finding of not guilty did not constitute ineffective assistance of counsel.

The defendant's other theories of ineffective assistance of counsel are also unavailing. The defendant argues that counsel should have objected when the daughter's testimony referred to the defendant suffering a "mental illness" and to receiving advice concerning her mother from "mental health professionals." She further contends that counsel should have introduced medical records to substantiate that she had never been treated for mental illness. The judge properly viewed this as a collateral issue. Moreover, defense counsel successfully defused the issue on cross-examination of the daughter. Despite the daughter's suggestions to the contrary in her testimony and in her report to the police, she ultimately conceded that the defendant had never been treated for any mental illness. As the Appeals Court noted, this sequence of testimony was of potential strategic benefit to the defense, as it provided an example of the daughter's willingness to exaggerate her testimony and to portray her mother in a false light. The defendant also argues that counsel should have introduced documentary evidence in support of her claim that she had provided money and gifts to her daughter's children. It was not disputed at trial that the defendant had made such gifts to the children, and the production of documentation to substantiate the making of those gifts would not have affected the jury's assessment of the defendant's state of mind at the time she placed the offending telephone calls. The defendant has not demonstrated "serious incompetency, inefficiency, or inattention of counsel," nor has she demonstrated that any alleged failure on counsel's part "deprived [her] of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian*, 366 Mass. 89, 96 (1974).

*Judgment affirmed.*
*Order denying motion for a new trial affirmed.*

*Jennifer H. O'Brien* for the defendant.
*Anne S. Kennedy*, Assistant District Attorney, for the Commonwealth.